UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                                                Case No. 14-51985-mar

**JACKIE MARIE JACKSON,**                      Chapter 7

      Debtor.                                          Hon. Mark A. Randon
_____/

**DANIEL M. McDERMOTT**,
**United States Trustee**,                         Adversary Case No.

      Plaintiff,
v.

**JACKIE MARIE JACKSON,**

      Defendant.
_____/

**COMPLAINT FOR REVOCATION OF
DISCHARGE PURSUANT TO 11 U.S.C. § 727(d)(1) AND 727 (d)(2)**

Daniel M. McDermott, United States Trustee, complains of the Defendant as follows:

1. Defendant, Jackie Marie Jackson is an individual with an address of record of 3112 Jarvis Street, Warren MI 48091.

2. Plaintiff, Daniel M. McDermott, is the United States Trustee for this region, Region 9.

3. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(J), over which this Court has jurisdiction pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157(a).

4. Venue for this proceeding is proper pursuant to 28 U.S.C. § 1408, et seq.

5. The above-captioned Chapter 7 proceeding was commenced by the filing of a Voluntary Petition under Chapter 7 on July 22, 2014.

6. The 11 U.S.C. § 341(a) meeting of creditors for this case was held on August 27, 2014. The Defendant testified under oath, among other things, that her schedules were true and accurate.

7. When asked at the meeting of creditors by the trustee what caused her to file for bankruptcy, the Defendant testified that her mother "is gravely ill" and that the Defendant had become unable to keep up with everything financially because she was taking care of her mother.

8. The chapter 7 trustee designated the case as a "no asset" case on August 28, 2014.

9. The Defendant was granted a discharge by the Court on October 28, 2014, Docket #15.

10. Subsequent to entry of the discharge, the United States Trustee discovered that the Defendant failed to disclose that her mother actually passed away on August 10, 2014, *prior* to the creditors' meeting, that the Defendant had received significant sums of money prior to the filing of the bankruptcy case and after the filing of the bankruptcy as a result of her mother's death, which she failed to report and turn over to the chapter 7 trustee.

11. The Defendant was required to testify truthfully at her meeting of creditors.

12. Had the Defendant testified truthfully at the meeting of creditors, the assets ultimately discovered by the U.S. Trustee would have been discovered by the chapter 7 trustee before entry of discharge.

13. By concealing her mother's death from the chapter 7 trustee, the Defendant delayed discovery of the assets she inherited until after her discharge was issued in this case.

14. It was ultimately discovered that:

    a. On July 26, 2014, a check was drawn on a bank account of Defendant's mother, payable to Defendant in the sum of $8,000.00, which was not reported to the trustee at the meeting of creditors;

    b. On or about August 15, 2014, *thirteen days prior to the meeting of creditors*, the Defendant caused the sum of $52,750.00 to be transferred from a Bank of America bank account ending in 7537, in the name of her mother, Mary A. Thomas, to Defendant's Bank of America checking account ending in 7081;

    c. On August 18, 2014, Defendant withdrew the sum of $42,575.00 from her bank account ending in 7081;

    d. On August 18, 2014, Defendant caused a cashier's check to be drawn in the sum of $42,575.00, payable to Jackie M. Jackson, Defendant herein;

    e. Defendant caused a safe deposit box to be rented in her name from Bank of America. Defendant's Bank of America account ending in 7081 was debited $25.00 on August 13, 2014 for the safe deposit box key deposit;

    f. Defendant received checks from Colonial Life from a life insurance policy her mother had with Defendant as beneficiary in the total amount of approximately $20,197.55 between November 10 and November 20, 2014. Substantially all of that amount was deposited into Defendant's Bank of America bank account ending in 7081;

    g. On or about August 13, 2014, *again, prior to the meeting of creditors*, the Detroit Police Benefit and Protective Association made a check payable to Defendant in the amount of $9,596.88, which Defendant deposited into her bank account ending in 7081;

h. Between October, 2014 and April 1, 2015, at least, the Defendant received the sum of approximately $14,992.24 from the Detroit Police and Fire Retirement System on account of her mother's former employment with the City of Detroit;

i. Defendant's mother individually or jointly with Defendant had a membership interest in the River House Cooperative, which Defendant appears to have inherited from her mother, as Defendant made payments to the co-op following her mother's death;

j. Defendant made payments for one or two storage units during 2014. The storage units may have contained her property or her mother's property which Defendant inherited upon her mother's death.

**REVOCATION OF DISCHARGE PURSUANT TO 11 U.S.C. § 727(d)(1) AND 727(d)(2)**

15. Plaintiff hereby incorporates and restates paragraphs 1 through 14 as if fully stated herein.

16. In accordance with 11 U.S.C. § 727(d) on request of the trustee, a creditor, or the United States trustee, and after notice and a hearing, the court shall revoke a discharge granted under subsection (a) of this section if –

> (1) *such discharge was obtained through the fraud of the Defendant, and the requesting party did not know of such fraud until after the granting of such discharge.*
>
> *(2) the Defendant acquired property that is property of the estate, or became entitled to acquire property that would be property of the estate, and knowingly and fraudulently failed to report the acquisition of or entitlement to such property, or to deliver or surrender such property to the trustee; or*
>
> *(3) the Defendant committed an act specified in subsection (a)(6) of this section.*

17. Section 541(a) of the Bankruptcy Code provides:

*The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held:*

*…(5) Any interest in property that would have been property of the estate if such interest had been an interest of the debtor on the date of the filing of the petition, and that the debtor acquires or becomes entitled to acquire <u>within 180 days after such date</u>—*

*(A) <u>by bequest, devise, or inheritance;</u>*
*(B) as a result of a property settlement agreement with the debtor's spouse, or of an interlocutory or final divorce decree; or*
*(C) <u>as a beneficiary of a life insurance policy or of a death benefit plan</u>.*

*(6) <u>Proceeds, product, offspring, rents, or profits of or from property of the estate, except such as are earnings from services performed by an individual debtor after the commencement of the case.</u>*

*(7) <u>Any interest in property that the estate acquires after the commencement of the case</u>.*

(emphasis added.)

18. The Defendant obtained her discharge through fraud, in that the Defendant knowingly and intentionally made false oaths during her bankruptcy in her testimony and in her schedules to conceal her assets.

**Concealment and Transfer**

19. In accordance with 11 U.S.C. § 727(a)(2), the Defendant shall be granted a discharge unless –

*the Defendant, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed*

*(A) property of the Defendant, within one year before the date of the filing of the petition; or*

*(B) property of the estate, after the date of the filing of the petition.*

20. The Defendant concealed property of the estate after the filing of the petition by making a false statement to the chapter 7 trustee that her mother "is gravely ill" when, in fact, her mother had already passed away. Had Defendant not concealed her mother's death from the trustee, the inherited assets would have been investigated by the trustee. Instead, Defendant concealed the death of her mother and the assets she inherited by virtue of her mother's death instead of disclosing them to the trustee for the benefit of her creditors.

21. The Defendant concealed at least $145,000.00 in cash and other assets from the trustee with the intent to hinder, delay or defraud her creditors.

**False Oath**

22. In accordance with 11 U.S.C. § 727(a)(4), the Defendant shall be granted a discharge, unless the Defendant knowingly and fraudulently, in or in connection with the case --

*(A) made a false oath or account…*

23. The Defendant's false statements at the meeting of creditors, under penalty of perjury, constitutes a knowing and fraudulent false oath under 11 U.S.C. § 727(a)(4)(A).

24. Pursuant to 11 U.S.C. § 727(e)(1), the United States Trustee, among others, may bring this action within one year of the discharge.

25. The discharge was issued within one year prior to the instant adversary proceeding.

26. The Defendant's discharge should be revoked because it was obtained through the fraud of the Defendant.

**WHEREFORE**, Plaintiff, Daniel M. McDermott, United States Trustee, respectfully requests that the Court enter an order revoking the Defendant's discharge pursuant to 11 U.S.C. § 727(d).

Respectfully submitted,

**DANIEL M. McDERMOTT**
**UNITED STATES TRUSTEE**
Region 9


By    /s/ Leslie K. Berg
Leslie.K.Berg@usdoj.gov
Trial Attorney
Office of the U.S. Trustee
211 West Fort St - Suite 700
Detroit, Michigan 48226
(313) 226-7950

Dated: August 11, 2015